CHARLES D. MERRITT AND LYMAN B. MERRITT

*vs.*

THE HOULTON WATER COMPANY.

Aroostook.    Opinion June 29, 1910.

*Waters and Watercourses.   Diversion of Water by Permission.   Damages.*

When a riparian owner gives permission, even gratuitously, to divert water from the stream, he cannot recover damages for such diversion made before revocation of the permission.

On report.    Judgment for defendant.

Action on the case to recover damages for the alleged unlawful diversion of water by the defendant from the plaintiffs' mills on the Meduxnekeag Stream in Houlton.    Plea, the general issue with brief statement alleging, among other things, that any taking or diverting of water by the defendant, if any, was by the "license, consent and permission of the said plaintiffs" and that such license, consent and permission had never been revoked.    At the conclusion of the evidence, the case was withdrawn from the jury and reported to the Law Court to determine "all questions of law and fact," and to assess the damages if the plaintiff were entitled to recover.

The gist of the case is stated in the opinion.

*P. H. Gillin, and Ransford W. Shaw,* for plaintiffs.

*Madigan & Madigan, Ira G. Hersey, and Powers & Archibald,* for defendant.

SITTING:  EMERY, C. J., WHITEHOUSE, PEABODY, CORNISH, KING, BIRD, JJ.

EMERY, C. J.    In their declaration the plaintiffs set forth their cause of action substantially as follows:—They are the owners and operators of mills propelled by water power on the Meduxnekeag Stream, and as such are and have been entitled to have come to their mills for power the water that would naturally flow down said

stream past the mills, subject to its reasonable use by riparian proprietors above. After the erection and the beginning of the operation of the mills by the plaintiffs, the defendant company for some years diverted large quantities of water from one of the tributaries of the Meduxnekeag so that much less water than otherwise would, flows down the Meduxnekeag to the plaintiffs' mills. No complaint is sufficiently made of any trespass upon any property of the plaintiffs. The action is simply to recover damages for the diversion of the water from their mills.

But it clearly appears from the evidence, even that introduced by the plaintiffs, that the diversion of the water was well known to the plaintiffs and they made no objection to it. Indeed it further fully appears from their language and conduct that they consented to it,—distinctly gave the company to understand it might divert water as it did, without making any compensation. The first notice given the company of any change of mind was the service of the writ. It is evident that the plaintiffs cannot recover damages for a diversion to which they consented, and that, at the date of their writ at least, they had no cause of action therefor. *Miller* v. *Auburn, etc., R. R. Co.,* 6 Hill (N. Y.) 61.

*Judgment for the defendant.*